# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO GARCIA,<br><br>            Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>            Defendant.<br>_____ | 1:10-cv-00542-SKO<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION FOR AN AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>(Doc. 22) |

## I.   INTRODUCTION

Plaintiff Julio Garcia ("Plaintiff") filed a complaint on March 25, 2010, seeking reversal of the Administrative Law Judge's ("ALJ") decision denying Plaintiff's application for Social Security disability benefits. (Doc. 1.) On September 1, 2011, the Court issued an order reversing and remanding the ALJ's decision and entered judgment in favor of Plaintiff. (Docs. 20, 21.)

On November 30, 2011, Plaintiff filed an application for an award of fees and expenses pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $10,691.84. (Doc. 22.) On January 30, 2012, the Commissioner filed an opposition to Plaintiff's request asserting that the total number of hours expended by Plaintiff's counsel was unreasonable. (Doc. 28.)

For the reasons set forth below, Plaintiff's EAJA application is GRANTED in the amount of $7,695.36

## II.  DISCUSSION

**A.  Legal Standard**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), claimants who successfully challenge an agency decision in a civil action are entitled to reasonable fees and other expenses:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Any application for an award of EAJA fees and other expenses must be made within thirty days of final judgment in the action and "must include an itemized statement from any attorney representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The party submitting the application is also required to allege that the position of the United States was not substantially justified. *Id.* Further, the party applying for an award of EAJA fees must have an individual net worth not greater than $2,000,000 at the time the civil action was filed. *Id.* § 2412(d)(2)(B).

**B.  Plaintiff is Entitled to An Award of EAJA Fees and Other Expenses**

As an initial matter, Plaintiff has met the statutory criteria to be eligible for an EAJA award of fees and other expenses. A remand pursuant to sentence four of 42 U.S.C. § 405(g) has been found to constitute a final, appealable judgment. *Shalala v. Schaefer*, 509 U.S. 292, 296-302 (1993). A party who obtains a sentence-four remand in a social security appeal is a prevailing party for purposes of the EAJA. *Schaefer*, 509 U.S. at 302. Here, Plaintiff asserts that he was a prevailing party for purposes of the appeal because the ALJ's decision was reversed and remanded pursuant to sentence four and judgment was entered in Plaintiff's favor. (Doc. 22-1, 2:15-19.) The Commissioner does not dispute this. Plaintiff further asserts that his net worth as an individual was not more than $2,000,000 at the time the civil action was filed pursuant to 28 U.S.C. § 2412(d)(1)(D)(2)(B), which is also undisputed by the Commissioner. (Doc. 22-1, 2:20-22.)

Plaintiff's assertion that the Commissioner's position was not substantially justified is also undisputed. (Doc. 22-1, 3:15-4:21.) The Court finds that Plaintiff is entitled to an award of his reasonable attorney's fees and expenses.

**C.     Reasonableness of the Fees**

The Court must determine what constitutes a reasonable award of attorney's fees. *See* 28 U.S.C. § 2412(d)(2)(A); *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (district court has an independent duty to review plaintiff's fee request to determine its reasonableness). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Blum v. Stenson*, 465 U.S. 886, 897 (1984). "The [Court] must determine not just the actual hours expended by counsel, but which of those hours were reasonably expended in the litigation." *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983). "'Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority.'" *Hensley*, 461 U.S. at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)). The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum*, 465 U.S. at 897.

    **1.     Hourly Rates**

Plaintiff requests $175.06 per hour for work performed by his counsel in 2010 and $179.51 per hour for work performed in 2011, which are the applicable statutory maximum hourly rates under EAJA for attorney work performed in 2010 and 2011, adjusted for increases in the cost of living, as published by the Ninth Circuit on its website pursuant to 28 U.S.C. § 2412(d)(2)(A), *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6. These rates are unopposed and have been considered reasonable in other social security cases in this district, *see, e.g., Roberts v. Astrue*, No. 1:09-cv-1581-DLB, 2011 WL 2746715, at * 4 (E.D. Cal. July 13, 2001); the Court does not find any basis to recommend a reduction to the hourly rates requested.

    **2.     Hours Expended**

As to hours expended, Plaintiff's application for an award of EAJA fees seeks attorney's fees for 41.9 hours of work performed by Ms. Bosavanh in 2010 and 18.7 hours of work performed by

Ms. Bosavanh in 2011. The Commissioner asserts that the 60.6 hours expended by Plaintiff's counsel "are patently high." (Doc. 28, 2:15.) Specifically, the Commissioner contends that Plaintiff's counsel spent time on clerical or administrative tasks that are not compensable under the EAJA, many time entries lack any specificity and appear unreasonable, and the amount of time spent preparing the confidential letter brief, the opening brief, and the reply brief was excessive. (Doc. 28, 3:18- 7:14.)

    **a.**  **Clerical Tasks and Time Expended Reviewing Routine Documents**

While the Court does not find that Plaintiff's counsel's time expended reviewing routine documents, filings, and court orders is per se non-compensable under the EAJA, these time entries are nonetheless unreasonable in the aggregate. The amount of time spent by Ms. Bosavanh reviewing documents is unreasonable when considered as a whole. Six-minute billing increments, which is how Ms. Bosavanh's time entries are recorded and presented, can be problematic when small tasks that require less than six minutes are recorded separately. Six-minute billing increments can result in a rounding-up that over-calculates the time actually spent on the tasks in total. Thus, for example, when eight separate tasks that require one minute each (for a total of eight minutes of time) and are billed as eight discrete six-minute tasks, they are billed as 48 minutes of time spent. In other words, eight minutes of actual time spent generates billing entries of 48 minutes. Repeated 0.1 entries (six minutes) for tasks that require less than six minutes each will ultimately reflect more time than that actually expended. Ms. Bosavanh provides the following time entries:

| Date | Description | Time |
| --- | --- | --- |
| 03/25/10 | Review court docket filing | 0.1 |
| 03/26/10 | Review scheduling order and related documents filed by court | 0.2 |
| 04/07/10 | Review court order | 0.1 |
| 04/13/10 | Review court document notice | 0.1 |
| 04/13/10 | Review notice and review docket | 0.1 |

| 04/21/10 | Review consent to jurisdiction by magistrate judge by OGC | 0.1 |
|---|---|---|
| 04/27/10 | Review return receipt from Attorney General | 0.1 |
| 04/29/10 | Review return receipt from Commissioner of Social Security and U.S. Attorney | 0.1 |
| 08/09/10 | Review notice of lodging of transcript | 0.1 |
| 08/10/10 | Review acknowledgment of receipt of transcript | 0.1 |
| 09/15/10 | Receive and review court order signed by judge | 0.1 |
| 09/17/10 | Receive and review designation of counsel for service | 0.1 |
| 12/10/10 | Review designation of counsel of service notice | 0.1 |
| 01/10/11 | Review court docket | 0.1 |
| 01/11/11 | Review stipulation and order by judge re: extension | 0.1 |
| 09/01/11 | Review judgment in favor of Plaintiff; contact Attorney Wilborn | 0.1 |

(Doc. 22-2, pp. 2-5.)                                      **Total:      1.7 hours**

　　　　While the Court appreciates the need for counsel to review court orders and the docket, the total amount billed for reviewing the documents above is unreasonable when each event is recorded as a discrete six-minute event. Multiple 0.1 time entries for review of single-page documents in the record, such as notices and minute orders, resulted in an unreasonable accumulation of time.

　　　　Review of the documents listed above by a practitioner thoroughly familiar with social security appeals in this district, as counsel is here, should require no more than one or two minutes per task, particularly because the electronic docket system provides counsel with email notices of docket activity and a link to any document filed; thus, an attorney does not even have to log into CM/ECF to view the docket entry. While these activities do take time, billing judgment must be

exercised in reviewing the accumulation of 0.1 billing entries and comparing such entries to the time actually expended performing these tasks. *See Hensley*, 461 U.S. at 434 ("In the private sector, billing judgment is an important component in fee setting. It is not less important here. Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." (internal quotation marks and citation omitted)). Based on the activities recorded in reviewing routine, simple documents, the Court finds that only 0.4 of the time expended on these activities is reasonable; thus, a reduction of 1.3 hours is warranted. As most of the time entries were billed at the 2010 billing rate, the reduction of hours will be calculated at the 2010 billing rate.

The Commissioner also argues that Plaintiff's counsel expended an unreasonable amount of time preparing the civil cover sheet, the summons, and other documents for service. The Commissioner asserts that this type of work should be considered overhead because it does not require the skill of an attorney or even a paralegal to complete the documents. Thus, the Commissioner contends that Plaintiff's counsel's billing entries on March 25, 2010, and April 13, 2010, should be reduced by 1.5 hours.

The Court does not agree that preparation of the complaint and review of the civil cover sheet and summons is non-compensable secretarial or clerical work that should be considered "overhead." While an attorney might economically delegate initial drafts of such documents to a law clerk or a paralegal, at a minimum an attorney must review these documents, particularly the summons and the complaint which require the signature of an attorney.

Here, Plaintiff's counsel expended 1.8 hours preparing, reviewing, and submitting the civil cover sheet, preparing the complaint, proposed orders, and related documents, and reviewing the proof of service as to the summons. (Doc. 22-2, p. 2.) In the context of a social security appeal, these documents are extremely routine. The complaint in this case is three pages long and, unlike the opening brief, does not require a plaintiff to set out arguments or facts in any particular detail. As review of the docket does not indicate that any proposed orders were submitted in conjunction with these billing entries, time spent on preparing proposed orders as indicated in the March 25, 2010, entry appears to be an error. Additionally, there were no other "related documents" filed or served, and thus time expended preparing "related documents" on March 25, 2010, also appears to

be in error. Further, as it relates to the April 13, 2010, "[r]eview and prepar[ation of the] summons return executed," the docket indicates the summons proof of service was not completed by Plaintiff's attorney, but by a paralegal or legal secretary in Plaintiff's counsel's office. (*See* Doc. 7.)

Upon review of the documents completed for filing and service on March 25, 2010, and review of the executed summons on April 13, 2010, only 0.8 hour is reasonable, and a 1.0 hour reduction is warranted.

### b.    Insufficiently Documented Billing Entries

With respect to Ms. Bosavanh's billing entry on April 13, 2010, which indicates that 1.1 hours of time were spent to "[p]repare documents for service of three government defendants," this request lacks any specificity and appears duplicative of work already performed. (Doc. 22-2, p. 2.) The Court presumes that the documents to be prepared and served included Plaintiff's complaint and civil cover sheet, which were already prepared on March 25, 2010, and the time for drafting those documents was already billed. (*See* Doc. 22-2, p.2.) Thus, "preparation" of these documents on April 13, 2010, would consist of printing them out, as opposed to drafting them. As the work documented in this time entry lacks specificity and appears entirely duplicative of the time spent preparing documents on March 25, 2010, this time is unreasonable and will not be awarded. *See Hensley*, 416 U.S. at 433 (it is the fee applicant's burden to submit "evidence supporting the hours worked"). A 1.1 hour reduction of time is, therefore, warranted for the time expended on April 13, 2010, on this task.

On February 19, 2010, Plaintiff's counsel spent 0.4 hours to "[c]onference with in house attorney re: merits of case." (Doc. 22-2, p. 2.) This "attorney conference" billing is confusing because it is unclear who or what an "in house attorney" is for purposes of this case or why consultation was necessary. This time is insufficiently documented and appears unreasonable.

Finally, the Commissioner asserts that Plaintiff's counsel billed for time spent communicating with Plaintiff that was not sufficiently detailed for purposes of determining whether the nature of the communication was such that it should have been handled by an attorney or whether it could have been handled more economically or efficiently by support staff. (Doc. 28, 5:6-21.)

Attorneys are duty-bound to communicate with their clients. *See Butler v. State Bar*, 42 Cal. 3d 323, 328 (1986) ("[I]t is settled that failure to communicate with, and inattention to the needs of a client, are grounds for discipline"). As a result, attorneys routinely bill for communications with clients. Here, the total communication between Plaintiff and his counsel generated 1.7 hours of billing time over the entire pendency of the appeal, which lasted nearly 18 months. The communications were described as relating to the status of the case, and each communication was brief and lasted less than 12 minutes. Also, the communications were not bundled together in a manner that appeared excessive or unnecessary; instead, the communications were spread out over a course of months. In this factual context, the time entries do not suggest that counsel was billing for communication tasks that should have been delegated more efficiently and economically to support staff.[1] *See MW Buildwers, Inc. v. Safeco Ins. Co. of Am.*, No. 02-1578-AC, 2009 WL 1161751, at * 7 (D.Or. 2009) ("Attorneys are required to keep their clients appraised of all developments in the litigation and to consult with them regularly about a myriad of issues related to the litigation . . . it is not this court's role to manage the pace or timing of such attorney-client communications by disallowing properly documented hours as unnecessary."). Billing for attorney-client communication regarding the status of the case was considered by the court in *Attia*, which is applicable to this case:

> E-mails to and from the client on July 22 were itemized as e-mails to and from the clients regarding status; they occurred a couple of days after proof of service and consent to Magistrate jurisdiction was filed. It is natural for a client to have questions about the status of a case early in the proceedings, and it appears that Plaintiff and his attorney communicated efficiently because only twelve minutes were claimed for the entire exchange by counsel. E-mails to and from the client were also exchanged on August 28, 2006; again, it is not unreasonable for an attorney to bill a client for twelve minutes of communication.

---

[1] The Court can conceive of, and indeed has encountered, billing entries related to attorney-client communications that appear unusual or excessive in the context of the case, raising the types of questions that the court grappled with in *Reyna v. Astrue*, No. 1:09-cv-01970-SMS, 2011 WL 6100609, at *2 (E.D. Cal. Dec. 6, 2011). In certain contexts, more information regarding the nature or the reasons for the attorney-client communication – without divulging the specific content of the communications – may be required to evaluate whether the task performed was clerical/secretarial or was one that required the time of an attorney. The key, of course, is careful exercise of billing judgment.

*Attia v. Astrue*, No. 1:06-cv-00778-SMS, 2008 WL 2620376, at *2 (E.D. Cal. July 3, 2008). In the circumstances presented here, the Court does not find the billing entries related to attorney-client communications are insufficiently documented such that a reduction of time is warranted.

      **c.**      **Time Billed Prior to Filing the Complaint**

The Commissioner argues that Plaintiff's attorney billed for work performed before this civil action was filed. Citing *Melkonyan v. Sullivan*, 501 U.S. 89, 97 (1991), *Mendenhall v. NTSB*, 213 F.3d 464, 469 (9th Cir. 2000), and 28 U.S.C. § 2412(d), the Commissioner contends that compensation under EAJA is not permitted for work performed before "a suit has been brought in a court." (Doc. 28, 4:5-11.) Specifically, the Commissioner notes that the Plaintiff's counsel expended 1.5 hours of time on February 11, 2010, reviewing the ALJ's decision and determining the merits of a federal court appeal, and expended 0.2 hours on February 11, 2010, discussing the appeal with Plaintiff.[2] The Commissioner asserts that this work was performed in *anticipation* of the federal civil action, as opposed being performed while the action was actually pending, and is therefore not compensable under the EAJA.

This argument is not persuasive for two reasons. First, neither the statute nor the cases cited by the Commissioner stand for the proposition that the EAJA disallows compensation for work performed in preparation of a civil action. In *Mendenhall*, the Ninth Circuit held that work performed in administrative proceedings prior to filing a civil action could not be compensated pursuant to EAJA, but did not hold that work performed in preparation for filing a civil action was non-compensable under EAJA. *Id.* at 468 ("In addition to the plain text of the EAJA provisions and the explicit holdings of the Supreme Court, EAJA's substance itself counsels against relying on § 2412 as implicit authorization for this court to award attorneys' fees incurred in administrative proceedings prior to the filing of a civil suit.") The same is true of the Supreme Court's decision in *Melkonyan*. In *Melkonyan*, the Court noted that work performed *in administrative proceedings* is generally not compensable under EAJA, with a limited exception for those administrative

---

[2] The Commissioner also asserts that the 0.4 hours expended by Plaintiff's counsel on February 19, 2010, conferencing with another attorney should be eliminated because it was performed prior to the initiation of the civil action. However, this time has already been considered and eliminated because the billing entry lacks any specificity and appears unnecessary and unreasonable.

proceedings where a civil complaint remains pending "and depends for its resolution upon the outcome of the administrative proceedings." 501 U.S. at 97 (internal quotation marks and citation omitted). Neither of these cases holds that work performed in preparation for a civil action is non-compensable under EAJA.

Second, beyond that the holdings of these cases are distinguishable, application of the Commissioner's argument would exclude from EAJA compensation time spent drafting the complaint because this work would necessarily be performed before the suit was initiated. As a practical matter, some work must be performed to initiate the civil suit, a part of which includes reviewing the facts and the law to ensure the lawsuit is not frivolous as well as drafting and filing the necessary documents to commence the action. Such work is wholly separate from the underlying administrative proceedings and is clearly related to the civil action; the Commissioner cites no case authority to support a determination that such work is not compensable.

In sum, the time expended by Plaintiff's counsel in preparation of filing the federal suit is compensable. *See McClintock v. Astrue*, No. 09-cv-1647-IEG-JMA, 2011 WL 1043718, at *1-*2 (S.D. Cal. Mar. 22, 2011) ("work performed in preparation for the filing of a civil action[] is proper and reasonable").

### d.   **Block-Billing Entries and Duplicative Work**

The Commissioner asserts that Plaintiff's counsel expended an unreasonable amount of time drafting the confidential letter brief, the opening brief, and the reply brief. (Doc. 28, 5:22-6:6.) As it pertains to performing these tasks, Ms. Bosavanh presents her time entries in block-billing format. Block billing refers to "the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case rather than itemizing the time expended on specific tasks." *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1554 n.15 (10th Cir. 1996). "Block billing, which bundles tasks in a block of time, makes it extremely difficult for a court to evaluate the reasonableness of the number of hours expended." *Aranda v. Astrue*, No. CV 08-340-MA, 2011 WL 2413996, at *5 (D. Or. June 8, 2011). However, while "the fee applicant bears the burden of submitting 'evidence supporting the hours worked and the rates claimed,'" counsel is "'not required to record in great detail how each minute of his time was expended.'" *Fischer v. SJB-P.D. Inc.*,

214 F.3d 1115, 1121 (9th Cir. 2000) (quoting *Hensley,* 461 U.S. at 437 n.12.). Thus, in *Fischer*, the Ninth Circuit explained that, rather than refusing to award any fees where documentation is insufficient because of block-billing, the court should either request more information or "simply reduce[] the fee to a reasonable amount." *Id.* (citing *Hensley*, 461 U.S. at 433 for the proposition that a district court can "reduce" the fee award where the documentation is inadequate).

Here, while Ms. Bosavanh's time spent reviewing the administrative record, conducting research, and drafting the briefs is compensable, the large block-billed entries do not delineate how much time was expended on the tasks recorded in each entry. Specifically, Ms. Bosavanh spent 8.0 hours on October 7, 2010, on several tasks including reviewing the administrating record, conducting research, and completing a first draft of the confidential letter brief. (Doc. 22-2, p. 3.) On October 8, 2010, Ms. Bosavanh again spent an additional 7.3 hours reviewing the administrative record, drafting, editing, and finalizing the confidential letter brief. (Doc. 22-2, p. 3.) On December 9, 2010, in connection with filing the opening brief, Ms. Bosavanh expended 7.5 hours reviewing the administrative record and conducting research and drafting the opening brief. On December 10, 2011, Ms. Bosavanh spent 9.8 hours reviewing the record, researching, drafting, editing, and finalizing the opening brief.

While the Court appreciates the need for Ms. Bosavanh to reacquaint herself with the facts and the record, there are four separate entries that relate to reviewing the administrative record in connection with drafting both the confidential letter brief and the initial brief, which are in addition to the 2.8 hours counsel previously spent reviewing the administrative record on February 11, 2010, and April 29, 2010. (Doc. 22-2, p. 2-3.) Without any indication of how much time was spent reviewing the administrative record in the block-billed entries on October 7 and 8, 2010, and again on December 9 and 10, 2010, some of the time appears duplicative and redundant. Moreover, because the issues raised in the confidential brief necessarily overlapped with the issues addressed in the opening brief, the amount of time spent reviewing the record as well as researching the issues presented and drafting the opening brief should be discounted. Thus, of the 15.3 hours spent on the confidential brief, a 3.3 hour reduction of time is warranted. *See Fischer*, 214 F.3d at 1121. To

account for overlap of the issues and research between the confidential and opening briefs, a 5.3 hour reduction of time is warranted for the 17.3 hours counsel expended on the opening brief.

Finally, Plaintiff's counsel spent 6.5 hours on February 19, 2011, researching issues and drafting and editing a reply brief. On February 21, 2011, Plaintiff's counsel spent 7.1 hours finalizing the reply brief. As noted above, because these entries are billed in block format it is impossible to ascertain how much time was spent on any particular task related to the reply brief. Moreover, the reply brief was only ten pages long and reiterated arguments raised in the opening brief. Thus, 13.6 hours of time expended on the reply brief is unreasonable and a reduction of 4.6 hours is warranted.

In sum, the 46.2 hours of time Ms. Bosavanh expended preparing the confidential letter brief, the opening brief, and the reply brief should be reduced by 13.2 hours. This reduction allows 33 hours to complete the confidential brief, the opening brief, and the reply brief, which the Court deems a reasonable amount of time to complete the work performed.

### 3.   Conclusion

As set forth above, the Court finds that Ms. Bosavanh's time expended warrants a reduction of 17.0 hours (1.3 + 1.0 + 1.1 + 0.4 + 3.3 + 5.3 + 4.6 = 17.0) of the 60.6 total hours expended. The Court awards the following in attorney's fees:

| **Ms. Bosavahn** | **2010** | **2011** | **Total** |
|---|---|---|---|
| **Hours:** | 29.5 (41.9-12.4 (1.3 + 1.0 + 1.1 + 0.4 + 3.3 + 5.3)) | 14.1 (18.7- 4.6) | 43.6 |
| **Rate:** | $175.06 | $179.51 | |
| **Total Award:** | $5,164.27 ($175.06 x 29.5) | $2,531.09 ($179.51 x 14.1) | $7,695.36 |

### III.   CONCLUSION AND ORDER

Pursuant to the declarations and time entries submitted, 43.6 (29.5+ 14.1) hours expended by Plaintiff's counsel on the litigation is reasonable. For the reasons set forth above, a reduction of

12

17.0 hours is warranted for duplicative or otherwise unnecessary and unreasonable time spent by Plaintiff's counsel.

     Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application for an award of attorney's fees be GRANTED in the amount of $7,695.36; and
2. Plaintiff should be paid in accordance with *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010).

IT IS SO ORDERED.

**Dated:  April 11, 2012**          /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE